COMMONWEALTH v. MORGAN LEWIS.

APPEAL BY DEFENDANT FROM THE COURT OF OYER AND TERMINER OF SCHUYLKILL COUNTY.

Argued February 17, 1891—Decided March 9, 1891.
[To be reported.]

1. The first count of an indictment charged assault and battery; the second, assault and battery with intent to ravish; and the third charged felonious rape, with an averment of the commission of bastardy. In such case, there was no misjoinder of counts.

2. Bastardy, while not necessarily involved in rape, may be involved as a resulting incident of fornication, which is included in that offence. It is therefore not error to aver the commission of bastardy in a count charging the commission of rape.

3. The word "only," in the act of May 19, 1887, P. L. 128, providing that on an indictment for felonious rape the jury may convict "of fornication only," is equivalent to "merely," and under said provision there may be a conviction of fornication and bastardy.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 194 July Term 1890, Sup. Ct.; court below, No. 284 March Term 1890, O. & T.

On May 7, 1890, the grand jury returned as a true bill an

Statement of Facts.

indictment against Morgan Lewis in three counts. The first count charged an assault and battery, and the second an assault and battery with intent to ravish, upon the person of Lizzie Kimmel.

The third count charged that the defendant, " then and there being of the age of sixteen years and upwards, in and upon the said Lizzie Kimmel, then and there being a woman child under the age of sixteen years, and then and there in the peace of God and of the said commonwealth being, feloniously did make another assault, and her, the said Lizzie Kimmel, then and there feloniously, unlawfully and carnally did know and abuse, and a male bastard child on the body of her, the said Lizzie Kimmel, did beget contrary to the form," etc.

The indictment having been certified unto the Court of Oyer and Terminer, the case was called for trial on May 8, 1890, before PERSHING, P. J., whereupon the defendant demanded that the commonwealth elect on which count of the indictment the defendant should be tried. The district attorney declining to elect, the defendant then moved the court "to quash the third count of the indictment for misjoinder."

By the court: Motion overruled; exception.[1]

The trial proceeding and having been concluded, the jury found the defendant " guilty of fornication and bastardy, and not guilty of the other charges." The defendant then moved for a new trial and in arrest of judgment, for the following among other reasons :

3. The verdict of bastardy could not be found under the indictment.

4. The defendant was charged under an act of assembly that permitted of but one of two verdicts by the jury, one of felonious rape, and the other of fornication, and not of a verdict of fornication and bastardy.

By the court: Motions overruled.[6]

Sentence having been passed upon the defendant, he took this appeal, specifying that the court erred :

1. In not quashing the third count of the indictment.[1]

2. In not quashing the indictment for misjoinder of counts.

6. In not arresting the judgment as to the bastardy.[6]

7. In sentencing the defendant under the verdict finding him guilty of fornication and bastardy.

*Mr. William Wilhelm* (with him *Mr. John W. Ryon*), for the appellant:

There is no count charging fornication and bastardy. The third count is drawn under the act of May 19, 1887, P. L. 128, allowing a conviction of fornication when the defendant is acquitted of felonious rape, but stating in explicit language that the verdict must then be guilty "of fornication only." The act never contemplated bastardy, and definitely and particularly excludes any right of the jury to convict of that offence. The indictment is for a felony, and there cannot be a conviction of a misdemeanor other than that specified in the act: Commonwealth v. Weiderhold, 112 Pa. 584. Again; the rules of criminal pleading do not permit a mixture of felonies and misdemeanors in one count, except when there is a statutory enactment authorizing a conviction of the misdemeanor, under an indictment charging the felony, and in this case the law permits a conviction of but one misdemeanor, "fornication only."

*Mr. R. H. Koch,* District Attorney, and *Mr. W. J. White-house,* for the commonwealth, were not heard.

The brief filed cited: Stevick v. Commonwealth, 78 Pa. 460; Harman v. Commonwealth, 12 S. & R. 69; Hunter v. Commonwealth, 79 Pa. 503; Henwood v. Commonwealth, 52 Pa. 424; Commonwealth v. Birdsall, 69 Pa. 482; Wharton, Cr. Pl. & Pr., §§ 291, 294; Gorman v. Commonwealth, 124 Pa. 536; Duncan v. Commonwealth, 4 S. & R. 449; Wharton, Prec. of Ind. and Pleas, 584; Commonwealth v. Goodhue, 2 Metc. 193.

OPINION, MR. CHIEF JUSTICE PAXSON:

The defendant was convicted of fornication and bastardy upon an indictment containing three counts. In the first, he was charged with assault and battery; in the second, with an assault with intent to ravish; and in the third, with statutory rape and with bastardy, the material portion of said count being that the said defendant, "then and there being of the age of sixteen years and upwards, in and upon the said Lizzie Kimmel, then and there being a woman child under the age of sixteen years, and then and there in the peace of God and of the said

commonwealth being, feloniously did make another assault, and her, the said Lizzie Kimmel, then and there feloniously, un lawfully, and carnally did know and abuse, and a male bastard child on the body of her, the said Lizzie Kimmel, did beget, contrary to the form of the act of the general assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

Upon the trial below, a motion was made to quash the indictment for a misjoinder of counts, and also to quash the third count. Both motions were refused, and we think properly. Under our authorities there was no misjoinder: Henwood v. Commonwealth, 52 Pa. 424; Hunter v. Commonwealth, 79 Pa. 503. Nor is error perceived in charging bastardy in the same count with the rape. Fornication and bastardy are almost invariably charged in the same count, and adultery and bastardy may be: Gorman v. Commonwealth, 124 Pa. 536. In either case, the bastardy is but an aggravation of the offence charged. Why may not a count for rape include a charge of bastardy? Both adultery and rape include the offence of fornication; it is necessarily involved in them: bastardy is not necessarily involved, but it may be. Here the offence was rape; it involved fornication, and bastardy resulted as an incident. There was but the one act charged in the indictment, although it is called by different names, to meet the exigencies of the proofs on the part of the commonwealth.

It was urged, however, that the conviction was not warranted by the act of May 19, 1887, P. L. 128, which provides that the jury may acquit of the charge of rape, in such cases as this, and convict " of the fornication only." We do not understand that the legislature intended by the use of the word " only," to prohibit, on an indictment for rape, a conviction of a constituent offence involved within it. All that it means is that there may be an acquittal of the rape and a conviction for the fornication. It is as if the legislature had said the defendant may be convicted of the fornication " merely."

Judgment affirmed.