Commonwealth *v.* Watt et al., Appellants.

Argued April 14, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before MAYS, P. J.

*LeRoy Hyman*, with him *Samuel R. Liever*, and *M. Bernard Hoffman*, for appellants.

*Peter F. Cianci*, Assistant District Attorney, with him *Frederick O. Brubaker*, District Attorney, for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

Defendants, Roy Stocker and Robert John Watt, Jr., were indicted on charges of burglary, larceny, and possession of burglary tools. They were both found guilty of larceny and not guilty on the other counts. A motion for a new trial and arrest of judgment was filed and denied. On February 21, 1958, defendants were sentenced to serve a term of four to twenty-three months in the Berks County Prison, to pay a fine of fifty dollars each and to pay the costs. This appeal followed.

There are before us two questions to decide: (1) When defendants are charged on three counts of an indictment with burglary, larceny, and possession of burglary tools, each count rising out of the same series of transactions, is a conviction on the larceny count alone an improper verdict? (2) Was the court's charge proper and adequate?

The issue is whether or not the Commonwealth's evidence was sufficient to support a conviction on the charge of larceny. In this case the Commonwealth proved by eyewitnesses who testified that defendants entered an automobile and took certain articles of clothing therefrom. Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. In *Commonwealth v. Kline,* 107 Pa. Superior Ct. 594, 599, 164 A. 124, this Court stated as follows:

"Conceding, only for the sake of argument, that there is an inconsistency or repugnancy between the verdicts on the fourth and fifth counts in that the charges are identically the same or that some fact was necessarily found adversely to the Commonwealth by the verdict on the earlier count which was an essential element in the fifth count, such is not sufficient ground for arresting judgment on the verdict of guilty."

See also *Commonwealth v. Donato et al.*, 87 Pa. Superior Ct. 285; *Commonwealth v. Wade*, 156 Pa. Superior Ct. 88, 39 A. 2d 460; *Commonwealth v. Shrodes*, 158 Pa. Superior Ct. 135, 44 A. 2d 319.

Since the crimes of burglary and larceny are different, there can be no inconsistency in convicting on one count and not the other, even though the same evidence is relied upon for both charges. See *Commonwealth ex rel. Comer v. Claudy*, 174 Pa. Superior Ct. 494, 102 A. 2d 227.

Defendants also contend that the charge of the court was improper and inadequate.

The jury in this case returned for instructions five times before returning with a verdict. On one such return, one of the jurors asked if the judge could state a hypothetical situation in order to clarify the situation. The court gave this answer: "No, I won't go into that. You're getting a set of facts, given in this case, and if you people cannot agree you say so, and we'll end this thing. I don't understand why you can't agree. They either did it or they didn't. If you are satisfied beyond a reasonable doubt that they did do it, then convict them."

At the conclusion of the charge, the trial judge asked counsel if there was anything more they wanted him to say. Mr. Hoffman, one of the defense counsel, answered, "No, Your Honor."

We have held that error cannot be assigned for an omission of a judge to charge in a particular way unless the court's attention is called to it. *Commonwealth v. Cisneros*, 381 Pa. 447, 113 A. 2d 293; *Commonwealth v. Bibalo*, 375 Pa. 257, 100 A. 2d 45; *Commonwealth v. Cano*, 182 Pa. Superior Ct. 524, 128 A. 2d 358.

The evidence was sufficient to sustain the charge of larceny. As a matter of fact, this is not denied. The defendants are unable to specifically point to any im-

propriety in the charge and, therefore, this contention is without merit.

The judgments and sentences are affirmed.