Commonwealth, Appellant, *v.* Parrotto.

416

Argued March 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William Claney Smith*, Assistant District Attorney, with him *Edward C. Boyle*, District Attorney, for appellant.

*Louis C. Glasso*, for appellee.

OPINION BY WOODSIDE, J., April 16, 1959:

This is an appeal by the District Attorney of Allegheny County from the order of the Court of Quarter Sessions of that county arresting judgment and discharging the defendant after a verdict of guilty by a jury.

Frank Parrotto was indicted in Allegheny County at the March Session 1958 on ten counts of bribery and ten counts of corrupt solicitation, alleged to have occurred between January 2, 1957 and January 25, 1958. At the April Session 1958 two additional indictments were found against him, one containing a count of bribery and corrupt solicitation alleged to have occurred on September 25, 1956, and a second count of the same offense alleged to have occurred on November 28, 1956, and the other indictment charging him with violation of the law against lottery on January 25, 1958, and at other times before and after said date.

The cases were consolidated for trial. The jury acquitted the defendant on the indictment found at the March Session, but found him guilty on the two indictments found at the April Session. The defendant made motions for a new trial and in arrest of judgment and both were argued before the court below. In an opinion by Judge WEINER, specially presiding, the court entered an order arresting the judgment and discharging the defendant on the ground that the verdicts were inconsistent, which required the discharge of the defendant. No disposition was made of the motion for a new trial.

Since the Act of June 15, 1951, P. L. 585, 19 PS §871, the court may arrest judgment not only where there is error appearing on the face of the record but also where, after an examination of the entire record, it appears to the court that the evidence was insufficient to sustain the conviction.

An examination of the entire record leaves no doubt that the evidence was sufficient to sustain the charge. The defendant admitted that he had set up a lottery and that he had paid the police officer for protection. His defense was entrapment.

The Commonwealth presented evidence that following a telephone conversation the defendant saw John B. James, a Pittsburgh police officer at the latter's flower store in Dormont on September 25, 1956, gave him $200, said he was in the lottery business, gave him a list of the places which were not to be raided, and promised to pay the officer $200 per month. The officer testified that on November 28, 1956, the defendant again gave him $200 at his flower shop in Dormont. He also testified that later, on 10 different occasions, he met the defendant on the streets of Pittsburgh and was paid $200 or more each time. There was also evidence that a number of the places on the defendant's list were raided.

The defendant claimed that, although he had been in the lottery business some years ago, he had not been in it in recent years until the officer contacted him on September 25, 1956, and persuaded him to again go into the lottery business and to pay the officer for protection. He argued that his evidence established entrapment and that he should, therefore, be acquitted. The jury found him guilty of bribery and corrupt solicitation on September 25, and November 28, 1956, and of setting up a lottery, but acquitted him on the charges of bribery and corrupt solicitation which the Commonwealth charged took place in 1957 and 1958 on the streets of Pittsburgh.

Defendant contends that the acquittal was based upon a finding that he was entrapped at the meeting with Officer James on September 25, 1956; and if he was entrapped at that time he could not be guilty of

any of the charges. The verdicts, he says, were inconsistent.

The court below sustained the contention that the verdicts were inconsistent, and that the inconsistency entitled the defendant to be acquitted on the charges on which the jury had found him guilty. Neither the appellant nor the court below cite any cases which hold this.

It has long been the rule in Pennsylvania and in the federal courts that consistency in a verdict in a criminal case is not necessary. *Dunn v. United States,* 284 U. S. 390, 52 S. Ct. 189 (1932); *Commonwealth v. Albert,* 151 Pa. Superior Ct. 184, 190, 191, 30 A. 2d 184 (1943); *Commonwealth v. Campbell,* 116 Pa. Superior Ct. 180, 190, 176 A. 246 (1935); *Commonwealth v. Bitler,* 133 Pa. Superior Ct. 268, 281, 2 A. 2d 493 (1938); *Commonwealth v. Wade,* 156 Pa. Superior Ct. 88, 91, 39 A. 2d 460 (1944); *Commonwealth v. Shrodes,* 158 Pa. Superior Ct. 135, 137, 44 A. 2d 319 (1945).

This was recognized by the Supreme Court as the law of Pennsylvania as early as 1850, *Mills v. Commonwealth,* 13 Pa. 633, and was restated as recently as last year by the Superior Court in *Commonwealth v. Watt,* 187 Pa. Superior Ct. 51, 142 A. 2d 423 (1958).

The leading Pennsylvania case on the subject, and the one most frequently cited and quoted, is *Commonwealth v. Kline,* 107 Pa. Superior Ct. 594, 164 A. 124 (1933), in which Judge (later Justice) PARKER. thoroughly reviewed the law relating to inconsistent verdicts in criminal cases. Among the many other cases, in addition to those cited above, which hold that inconsistency is not a cause for setting aside a guilty verdict are *Commonwealth v. Leib,* 76 Pa. Superior Ct. 413 (1921); *Commonwealth v. Pursel,* 110 Pa. Superior Ct. 110, 115, 167 A. 399 (1933); *Commonwealth v. Rosen,* 141 Pa. Superior Ct. 272, 14 A. 2d 833

(1940); *Commonwealth v. Kirk*, 141 Pa. Superior Ct. 123, 14 A. 2d 914 (1940) affirmed in 340 Pa. 346, 17 A. 2d 195 (1941); *Commonwealth v. Valverdi*, 32 Pa. Superior Ct. 241 (1906) affirmed in 218 Pa. 7, 66 A. 877 (1907).

The appellee and the court below, ignoring the frequently repeated rule in Pennsylvania, rely upon statements contained in text books, which upon analysis we think do not apply to this case, and 23 C.J.S. §1403(f) which states, "According to some authorities a verdict on several counts must not be inconsistent. According to other authorities, including the federal courts, a verdict on several counts is not void although inconsistent, at least where several offenses are charged." It is to be noted that the reference is to cases of "a verdict on several counts," not to verdicts on separate indictments as here. Furthermore, C.J.S. lists in its footnote the Pennsylvania cases holding the second and not the first rule.

But suppose we ignore the numerous cases which, with a century of unbroken uniformity, establish the rule of Pennsylvania law governing this case, and suppose we assume that Pennsylvania follows a contrary rule applied in a few other states. It would not help the defendant, for this is not the type of case which would fall within the language concerning inconsistent verdicts quoted by the appellee and the court below.

That court quotes from C.J.S. as follows: "On the other hand, where the elements of *the two offenses are identical*, a verdict of not guilty on one count is inconsistent with a verdict of guilty on the other count. When accused is convicted on one count and is acquitted on another count, the test is whether the essential elements in the count wherein accused is acquitted are identical and necessary to proof of conviction on the guilty count." (Emphasis supplied) Here the ele-

ments of the offenses for which defendant was acquitted and for which he was convicted are not identical. The defendant was acquitted of bribery and corrupt solicitation alleged to have occurred on the streets of Pittsburgh in 1957 and 1958; he was convicted of violating the lottery law, a completely different offense, and of bribery and corrupt solicitation committed in 1956 at the officer's flower shop in Dormont.

As far as we were able to determine, none of the jurisdictions which recognize inconsistency of verdicts as a ground for granting new trials or discharging the defendants, has ever gone so far as to hold that an affirmative defense applicable to two different indictments could be the basis of inconsistency of verdicts.

The defense here was entrapment. The defendant testified that the police officer induced him to go into the lottery business and to commit the offense of corrupt solicitation and bribery. He admitted violating the lottery law and paying the police officer for protection.

The defendant's entire argument rests upon the assumption that it must be presumed as a matter of law that the jury's acquittal amounted to a legal finding of fact that the defendant had been entrapped on September 25, 1956. This assumption is the only basis for inconsistency. But the assumption has no legal justification.

The jury may have concluded that the officer, having obtained two bribes, a list in the defendant's handwriting of places where the defendant was operating a lottery, recordings of incriminating conversations between the officer and the defendant, and other damaging evidence, was not justified in permitting him to continue to operate for eighteen months and to accumulate additional offenses, and that the defendant should not be required to suffer the consequences of

ten additional offenses accumulated for over a year after the officers had obtained convincing evidence of his guilt. But, as stated in *Commonwealth v. Donato,* 87 Pa. Superior Ct. 285, 288 (1926), it is vain to speculate upon the reasons which moved the jury to do what it did.

"To the jury belongs the power to err, not alone in gullibility but also deliberately. A most important portion of the administration of our system of criminal justice is the fact that the jury in subtle ways may temper the rigidity of our criminal code in the application of the letter of the law to particular cases and may perhaps thereby mitigate the rigors of the law." *Commonwealth v. Franklin,* 172 Pa. Superior Ct. 152, 193, 92 A. 2d 272 (1952).[1]

An acquittal cannot be interpreted as a specific finding in relation to some of the evidence. As in other cases of this kind, the court looks upon this acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. *Commonwealth v. Kline,* supra, 107 Pa. Superior Ct. 594, 602, 164 A. 124 (1933); *Commonwealth v. Mowad,* 136 Pa. Superior Ct. 537, 541, 7 A. 2d 596 (1939).

As stated in *Commonwealth v. Brown,* 264 Pa. 85, 93, 107 A. 676 (1919) "While it is difficult to discover a reasonable basis for distinction between the verdicts in the two cases, the [guilt or innocence in each case] was for the jury and the fact that the conclusions differed is no reason for reversal."

The evidence of the defendant's guilt is more than sufficient to sustain the conviction. The elements of

---

[1] A landmark opinion written by Judge MILNER of the Court of Common Pleas No. 3 of Philadelphia and adopted by the Superior Court.

the offenses for which he was convicted were completely different and independent of the elements of the offenses for which he was acquitted. His only defense was the affirmative one of entrapment. Even though it may have been improperly exercised, the jury had the power to accept the testimony as it applied to one series of offenses and not as to the others. The verdicts are thus not inconsistent in law. But, if they were inconsistent, under the law of this Commonwealth it would not justify the arrest of judgment.

A motion for a new trial was made and argued in this case, but the court below, having concluded that the defendant should be discharged, did not pass upon it. The defendant is entitled to have this question examined and passed upon by the court below.

The order arresting judgment and discharging the defendant is reversed and the case is remanded to the court below to pass upon the motion for a new trial, and such subsequent action as thereafter is proper.