Commonwealth *v.* Reed, Appellant.

Submitted April 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John C. Anderson* and *Anderson and Di Nubile,* for appellant.

*William P. Boland* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, October 16, 1974:

Appellant was arrested and indicted on three bills of indictment charging murder, aggravated robbery and conspiracy. Following a trial by a judge sitting without a jury, Mr. Reed was convicted of murder in the second degree and of the charge of aggravated robbery. The appellant was found not guilty of the crime of conspiracy. Post-trial motions were filed, argued and dismissed and sentences of 8 to 20 years imprisonment were imposed on each bill of indictment to run concurrently. This appeal follows:[1]

Appellant now raises two arguments in support of his present claim for relief. It is first contended that the record is barren of any testimony to establish aggravated robbery of the decedent and secondly, that the court below erred in refusing appellant's motion to suppress a statement given by him to police officials on the ground of an unreasonable delay in bringing appellant before the issuing authority. Turning first to the question of sufficiency of the evidence, we are mindful of the basic principle that the evidence must be re-

---

[1] Jurisdiction for this appeal on the murder indictment is pursuant to the Act of July 31, 1970, P. L. 673, No. 223, art. II, §202(1) ; 17 P.S. §211.202(1) (Supp. 1974-75). Jurisdiction over the appeal from the conviction on the aggravated robbery and conspiracy indictment was obtained under the Act of July 31, 1970, P. L. 673, No. 223, art. V, §503(c) ; 17 P.S. §211.503(c) (Supp. 1974-75).

viewed in a light most favorable to the verdict winner. *Commonwealth v. Rife,* 454 Pa. 506, 509, 312 A.2d 406 (1973); *Commonwealth v. Blevins,* 453 Pa. 481, 483, 309 A.2d 421 (1973) and *Commonwealth v. Cimaszewski,* 447 Pa. 141, 143, 288 A.2d 805, 806 (1972).

The testimony offered by the Commonwealth established that the decedent, James Mincy, was stabbed to death in his residence at approximately 1 p.m. on Sunday, June 18, 1972. The wife of the victim testified that she was home and was summoned downstairs by her husband. Upon descending the stairway she was grabbed and held by a stranger who demanded money from her and placed his hands in her pockets. At this moment she also observed a man whom she identified as Edwin Harris, stabbing her husband while another individual, later identified as appellant, restrained her husband. She was able to free herself from the grasps of the person holding her and rushed to the window and called for help. While at the window she observed the three men who had participated in the attack fleeing from the residence. Mrs. Mincy further testified that immediately before the altercation with the intruders, her husband had in his possession between $250 and $300. After the stabbing, Mincy was taken to the hospital where $9.32 was recovered from his person.

The appellant admitted being in the home of the decedent with Edwin Harris on the date and at the approximate time that the alleged incident occurred, but claimed that their purpose in being there was to purchase liquor on credit from the victim and that in fact there had been no robbery and no assault. It is admitted by the Commonwealth that the victim was, in fact, engaged in the illicit sale of alcoholic beverages.

We are satisfied after review of this record that the fact-finder had more than sufficient basis for concluding that the robbery had in fact taken place and was the reason for the assault. While there was no direct

evidence to the actual taking of the monies from the person of the victim, the circumstantial evidence present establishes this fact beyond doubt. The fact that the victim was in possession of comparatively large sums of money immediately before the altercation and that only $9.32 was found on his person upon his arrival at the hospital, the fact that demands for money were made of Mrs. Mincy and that these demands were accompanied by one of the intruders reaching into her pockets, the testimony of the appellant that after their leaving the premises, Edwin Harris had given him money although he had been under the belief that Mr. Harris had no money prior to arriving at the home of the victim, all combine to force the conclusion that this assault was for the purpose of taking money from the person of the victim and any one else at the scene who may have had articles of value or money in their possession.[2]

Appellant's second complaint, which is addressed to the lower court's denial of his motion to suppress, also cannot be sustained. This objection was first raised on this appeal. In view of the fact that the suppression hearing was held almost one year after our decision in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972) and that there was no attempt either at trial or during post-trial motions to raise the question of an unreasonable delay, we are forced to conclude that this objection is now waived. *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972).

The judgment of sentence is affirmed.

---

[2] While the lower court's verdict on the indictment charging conspiracy to commit robbery and murder may have created somewhat of an inconsistency with the other findings, this alone would not justify a reversal. *Commonwealth v. Carter,* 444 Pa. 405, 408-9, 282 A.2d 375, 376-7 (1971) (and cases cited therein). The appellant did not raise the possibility of an inconsistent verdict in support of his position and the court below in its opinion failed to offer any explanation for the not guilty finding.