347 A.2d 675

**COMMONWEALTH of Pennsylvania**

**v.**

**Helen STRAND, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1975.

Decided Nov. 26, 1975.

Mitchell S. Lipschutz, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Martin L. Trichon, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On April 3, 1973, appellant, Helen Strand, was tried by a judge sitting without a jury and found guilty of murder in the second degree and not guilty of violations of the Uniform Firearms Act. Appellant filed post-trial motions, which were denied, and was sentenced to two years' imprisonment. This appeal followed.

Appellant first argues that the evidence was insufficient to prove her guilt beyond a reasonable doubt. We do not agree. The record, read in the light most favorable to the Commonwealth, establishes the following

546

facts. On September 30, 1972, appellant and the decedent, John Hill, were engaged in conversation in front of the 1631 Bar on Chadwick Street, Philadelphia, when Norman Gray, the night bartender, arrived for work. After assuming his duties as a bartender and while he had his back turned to appellant, Mr. Gray heard two shots fired. He turned and observed appellant outside the bar with a black gun in her hand and the decedent staggering out the door. Based on these facts, the judge found appellant guilty of murder in the second degree.

In *Commonwealth v. Robson*, 337 A.2d 573 (1975), this court set forth the test to determine the sufficiency of the evidence. In Robson we stated:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt."

In the instant case, the evidence establishes that immediately after the bartender heard two shots he turned around and saw appellant with a gun in her hand and the decedent staggering out the door. On these facts, we are satisfied that the fact finder could properly find the appellant's guilt was proven beyond a reasonable doubt. See *Commonwealth v. Elvins*, 453 Pa. 481, 309 A.2d 421 (1973). At page 578.

Appellant next argues that the not-guilty verdict on the Uniform Firearms indictment is inconsistent with the guilty verdict on the murder indictment and that such inconsistency is reversible error. We do not agree. This Court, in *Commonwealth v. Carter*, 444 Pa. 405, 282 A.2d 375 (1971) stated:

"As the Superior Court said in *Commonwealth v. Parrotto*, 189 Pa.Super. 415, 422, 150 A.2d 396, 399 (1959): 'An acquittal cannot be interpreted as a specific finding in relation to some of the evidence. As in

other cases of this kind, the Court looks upon this acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'

"But even if it were assumed that the two verdicts were logically inconsistent, such inconsistency alone could not be grounds for a new trial or for reversal. 'It has long been the rule in Pennsylvania and in the federal courts that consistency in a verdict in a criminal case is not necessary.' *Parrotto,* supra, at 419, 150 A.2d 396. See also, *United States v. Carbone,* 378 F. 2d 420, 422 (2nd Cir. 1967); *United States v. Cindrich,* 241 F.2d 54, 56–57 (3rd Cir. 1957); *Mills v. Commonwealth,* 13 Pa. 633, 634–35 (1850); *Commonwealth v. Kline,* 107 Pa.Super. 594, 164 A. 124 (1933).

"The Superior Court in the *Kline* and *Parrotto* decisions relied on the landmark case of *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Writing for the Court, Mr. Justice Holmes said (at pages 393–94, 52 S.Ct. 189): 'Consistency in the verdict is not necessary. . . . As was said in *Steckler v. United States,* 7 F.2d 59, 60 [(2nd Cir. 1925) (L. Hand, J.)]: "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." . . . That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." ' Appellant has presented no reason for departure from the rule of the *Dunn* case, which has been subscribed to by our courts and the great majority of federal and state courts."

See also *Commonwealth v. Reed,* 458 Pa. 8, 11, N.2, 326 A.2d 356 (1974).

■ Appellant next argues that the court erred when it sentenced her to two years at Muncy State Correctional Institution without setting a minimum sentence. While agreeing with appellant's argument, we find the issue has not been properly preserved for appellate review. Appellant did not raise the issue at the time of her sentencing and is now prevented from doing so. See *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974).

Judgment of sentence affirmed.

POMEROY, J., filed a concurring and dissenting opinion, in which EAGEN, J., joins.

POMEROY, Justice (concurring and dissenting).

I join in the Court's opinion on the substantive aspects of this appeal and accordingly agree that appellant's conviction must stand. I agree with appellant, however, that the sentence she received, which was a flat term of imprisonment with no minimum, was unconstitutional under *Com. v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974) because such a sentence deprives the defendant of equal protection of the laws and violates the equality of rights amendment of the Pennsylvania constitution (Art. I, Sec. 28).

For the reasons expressed in my dissenting opinion in *Com. v. Piper*, 458 Pa. 307, 312, 328 A.2d 845 (1974), therefore, I would vacate the sentence imposed in this case and remand for resentencing conformably to the general sentencing statute, Act of June 19, 1911, P.L. 1055, § 1, as amended, 19 P.S. § 1051 (1964).

EAGEN, J., joins in this opinion.