399 A.2d 404

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jewel ROBERTS, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1978.

Decided March 26, 1979.

Robert C. Houpt, Joan D. Lasensky, Asst. Dist. Attys., for appellant.

William H. Mitman, Jr., West Chester, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellee, Jewel Roberts, was indicted in two separate bills of indictment arising from the robbery and strangulation death of Ray E. Lowe.  In the first bill, she was charged

with five specific counts: murder in the first degree, murder in the second degree, murder in the third degree, voluntary manslaughter, and involuntary manslaughter. The second bill of indictment charged appellee with burglary and conspiracy. A jury trial followed, and verdicts of not guilty were returned on the charges of murder in the first degree, murder in the third degree, voluntary manslaughter, and involuntary manslaughter. The jury found appellee guilty of burglary and conspiracy. Following several reports from the foreman that the jury was hopelessly deadlocked, a mistrial was granted at appellee's request as to the charge of murder in the second degree. When moving for a mistrial, appellant's trial counsel specifically reserved the right to subsequently argue that the not guilty verdicts operated to bar reprosecution on the charge of murder in the second degree. After notification that appellant intended to retry appellee on the charge of murder in the second degree, appellee petitioned the trial court to dismiss the charge. The court granted appellee's petition and quashed the indictment. Pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223 Art. II, § 202, 17 P.S. § 211.202 (Supp.1978–79), the prosecution now appeals to us.

The trial court held that one who is acquitted of lesser degrees of criminal homicide, namely murder in the third degree, voluntary manslaughter, and involuntary manslaughter, cannot be retried on a charge of second degree murder arising from the same factual situation. For the reasons that follow, we agree that appellee cannot be retried and therefore affirm the order of the trial court dismissing the indictment.

Rule 1120(d) of the Pennsylvania Rules of Criminal Procedure states:

"If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. *If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has*

*agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed.* When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment. (Emphasis added.)

The first bill of indictment entered against appellee specifically accused her of five counts of criminal homicide. The jury returned verdicts in four of those counts, and the judge received and recorded these verdicts; the jury could not agree with respect to the count charging murder in the second degree. Therefore, Rule 1120(d), requires dismissal of the count charging murder in the second degree if murder in the second degree is a lesser and/or greater included offense of either murder in the first degree, murder in the third degree, voluntary manslaughter, or involuntary manslaughter. That it is is now beyond question. *Commonwealth v. Garcia,* 474 Pa. 449, 378 A.2d 1199 (1977); *Commonwealth v. Polimeni,* 474 Pa. 430, 378 A.2d 1189 (1977). *See also, Commonwealth v. Thatcher,* 364 Pa. 326, 71 A.2d 796 (1950) (holding that the Act of March 31, 1860, P.L. 427, § 51, 19 P.S. § 831 prohibits retrial on a charge of murder based on the same homicide of which one has been acquitted of involuntary manslaughter.) The trial court thus correctly ordered the charge of murder in the second degree dismissed. *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A.2d 883 (1966); *Commonwealth v. Frazier,* 420 Pa. 209, 216 A.2d 337 (1966). *See also, Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973); *Commonwealth ex rel. Robinson v. Myers,* 427 Pa. 104, 233 A.2d 220 (1967).

The order of the Court of Common Pleas of Chester County dismissing the charges against appellee is affirmed.

NIX, J., filed a dissenting opinion in which LARSEN, J., joined.

POMEROY, former J., did not participate in the consideration or decision of this case.

504

NIX, Justice, dissenting.

As was the case in *Commonwealth v. Ford*, 474 Pa. 480, 486, 378 A.2d 1215, 1219 (1977), "[t]his case presents an example of the concerns that I attempted to articulate in my dissent in" *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977).

Jewel Roberts was originally indicted on two separate indictments arising out of a robbery committed by Roberts and a companion. They broke into the home of Ray E. Lowe, tied him to his bed, burglarized the house, and then fled in Lowe's car. In an attempt to free himself, Lowe fell from the bed and was strangled to death by a rope entangled around his neck. A jury found Roberts guilty of burglary and criminal conspiracy, acquitted her of murder in the first degree, murder in the third degree, voluntary manslaughter, and involuntary manslaughter, and became hopelessly deadlocked on the court regarding murder in the second degree—felony murder. Defense counsel moved for a mistrial as to the felony murder count which was granted. After being notified that the Commonwealth planned to retry Roberts for felony murder, the defense applied to dismiss the charge. This petition was granted and the indictment was quashed.[1]

The facts indicate that this is a textbook example of when the felony murder rule is applicable. The legislature has defined second degree murder as "when the death of the victim occurred while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b) (1978–79 Supp.). "Perpetration of a felony" is defined by the legislature as "The act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, . . . [or] burglary . . . ." *Id.*, § 2502(d). This recent statutory restatement of the felony murder rule did not appreciably alter the phrasing employed by the legislature in its

---

1. The judge who quashed the indictment was not the same judge who presided over the first trial.

first murder statute, the Act of April 22, 1794, 3 Laws of Pennsylvania (Smith) 186.[2] This venerable doctrine has long received the approval of this Court. *See, e. g., Commonwealth v. Flanagan*, 7 Watts & Serg. 415 (1844). And, although the felony murder rule is "one of the most controversial doctrines in the field of criminal law," Annot., 50 A.L.R.3d 397, 399 (1973), this Court has recently upheld it against federal constitutional attack, *see Commonwealth v. Englert*, 475 Pa. 225, 380 A.2d 325 (1977) (*per curiam*).

In *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977) and *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977), the issue presented was the necessity of submitting to the jury a defense requested instruction on involuntary manslaughter where the defendant had not been indicted for that offense. This Court held that for that limited purpose, the crimes of murder and manslaughter were lesser or constituent offenses of the greater crime of criminal homicide. I wrote in dissent:

> . . . . While I do not wish to deprecate the utility of the general concept of lesser included offenses in some areas of the criminal law, I do not believe the jurisprudence of this jurisdiction is advanced by attempting to analyze the question presently before us in such a framework. The legitimacy of this analysis, particularly as it has been applied to homicide cases, is at least suspect and its applicability in the past has proven troublesome.

*Commonwealth v. Garcia, supra* 474 Pa. at 471–72, 378 A.2d at 1211 (Nix, J., dissenting), footnotes omitted. I also disputed the validity of the reasoning employed by the majority to reach its conclusion. *See id.*, 474 Pa. at 486, 378 A.2d at 1219. I remain unconvinced.

2. Sect. II. And whereas the several offences, which are included under the general denomination of murder, differ so greatly from each other in the degree of their atrociousness, that it is unjust to involve them in the same punishment: *Be it further enacted by the authority aforesaid,* That all murder, . . . . which shall be committed in the perpetration or attempt to perpetrate any . . . . robbery, or burglary, shall be deemed murder of the first degree; . . . .
For a history of this statute, *see* Keedy, *History of the Pennsylvania Statute Creating Degrees of Murder,* 97 U.Pa.L.Rev. 759 (1949).

Today's result is totally without reasonable justification, and represents an unwarranted further extension of a doctrine (lesser included offenses) whose validity and utility in the area of homicide is seriously questionable in the first instance. If the jury had concluded that appellant was guilty of this degree of homicide yet not guilty of the "lesser" offenses of murder of the third degree and manslaughter, any possible inconsistency in the verdicts would have been ignored under our long-standing principle that inconsistent verdicts are permitted in this Commonwealth. *Commonwealth v. Strand,* 464 Pa. 544, 347 A.2d 675 (1975); *Commonwealth v. Reed,* 458 Pa. 8, 11 n.2, 326 A.2d 356, 358 n.2 (1974); *Commonwealth v. Carter,* 444 Pa. 405, 282 A.2d 375 (1971); *Commonwealth v. Parrotto,* 189 Pa.Super. 415, 150 A.2d 396 (1959); *Commonwealth v. Kline,* 107 Pa.Super. 594, 164 A. 124 (1933).

However, because the first jury could not agree as to this one count, although they were able to reach a conclusion on the others, and in spite of the fact that there was manifest necessity for discharging the jury when the court did, and where the motion for mistrial was agreed to by the defense, a majority of this Court now concludes that retrial is barred on the basis of a procedural rule [Pa.R.Crim.P. 1120(d)] which was never intended to accomplish such a result. Rule 1120(d) provides:

> If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. *If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed.* When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment. (emphasis added).

The majority specifically relies upon the italicized language to hold that the finding of not guilty of the remaining four counts of criminal homicide bars retrial of the count charging murder of the second degree. They reached this conclusion ignoring the Comment to Rule 1120 which states:

> .... (d) .... serve[s] only to codify the procedure where conviction or acquittal of one offense operates as a bar to a later trial on a *necessarily* included offense.
> (emphasis added).[3]

Even the most ardent defenders of the lesser included offense doctrine on this Court have heretofore not suggested that the degrees of homicide were *necessarily* included offenses. *See Commonwealth v. Garcia,* supra 474 Pa. 460–464, 378 A.2d at 1205–1207. The distinction between *necessarily* included offense and one that may be found depending upon the factual situation presented was recognized by this Court as far back as 1891. *Commonwealth v. Lewis,* 140 Pa. 561, 21 A. 501 (1891).

> Both adultery and rape include the offense of fornication. It is necessarily involved in them. Bastardy is not necessarily involved, but it may be.
> *Id.,* 140 Pa. at 564, 21 A. at 502.

It is clear from the Comment's reference to *necessarily* lesser included offenses that the purpose of the language relied upon in Rule 1120(d) was designed to avoid the successive prosecution prohibition of double jeopardy. *See Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Where the offense in question is a necessary constituent of the greater or where the lesser offenses are necessary elements of the offense in question, so that that offense cannot be found to exist without a finding of the lesser offenses also, and the greater offense cannot properly be found to have been committed without a finding that the offense in question has been established, then it is appropri-

---

**3.** Although the explanatory comments to the Rules of Criminal Procedure are not part of the Rules and have not been officially adopted or promulgated by this Court, they nevertheless are useful tools for the resolution of questions of interpretation under the Rules.

ate to bar reprosecution upon an acquittal of either the lesser or the greater offense. This is all the prohibition against successive prosecution requires, in this context[4] and this is all that the language of Rule 1120(d) intended to provide. Yet today, the majority ignores the crucial requirement of the Rule, i. e., that it must be a necessary constituent offense, thereby completely distorting the Rule and reaching a result which is inexplicable.

I dissent.

LARSEN, J., joins this opinion.

4. In our decision in *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974), exercising our supervisory powers, we determined that all offenses arising out of a single episode should be charged together. That problem is not here involved.