456 A.2d 1362

**COMMONWEALTH of Pennsylvania**

v.

**Ira M. EBERLY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 25, 1983.

Decided March 16, 1983.

John J. Grenko, Reading (court-appointed), for appellant.

Charles M. Guthrie, Jr., Asst. Dist. Atty., Reading, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

In this direct appeal from his judgments of sentence, appellant raises two issues: 1) the evidence presented at trial by the Commonwealth was insufficient to support his conviction for voluntary manslaughter; and 2) a guilty verdict of voluntary manslaughter is inconsistent with a guilty verdict of involuntary manslaughter. We have reviewed the record and find these contentions to be without merit.

Accordingly, the judgments of sentence are affirmed.

NIX, J., files a concurring opinion.

NIX, Justice, concurring.

Although I concur in the order of the Court, I am compelled to write separately in order to clarify the issue concerning the inconsistency between a guilty verdict of voluntary manslaughter and a guilty verdict of involuntary manslaughter.

It is well established that voluntary manslaughter is the intentional killing of another, done without malice aforethought, 18 Pa.C.S.A. § 2503; *Commonwealth v. Cain,* 484 Pa. 240, 398 A.2d 1359 (1979); *Commonwealth v. Long,* 460

Pa. 461, 333 A.2d 865 (1975); *Commonwealth v. Edwards,* 448 Pa. 79, 292 A.2d 361 (1972); *Commonwealth v. Conner,* 445 Pa. 36, 282 A.2d 23 (1971); *Commonwealth v. Flax,* 331 Pa. 145, 200 A. 632 (1938); *Commonwealth v. Drum,* 58 Pa. 9 (1868) and that involuntary manslaughter consists of a non-malicious unintentional killing of another, 18 Pa.C.S.A. § 2504; *Commonwealth v. Moore,* 463 Pa. 317, 344 A.2d 850 (1975); *Commonwealth v. Jones,* 452 Pa. 569, 308 A.2d 598 (1973); *Commonwealth v. Flax, supra.*

Moreover, it has long been the rule in this Commonwealth that consistency in a verdict in a criminal case is not necessary. *Commonwealth v. Carter,* 444 Pa. 405, 282 A.2d 375 (1971), *citing Commonwealth v. Parotto,* 189 Pa.Super. 415, 150 A.2d 396 (1959); *accord, Commonwealth v. Strand,* 464 Pa. 544, 347 A.2d 675 (1975).

In the instant case, although the jury rendered a verdict of guilty on both voluntary and involuntary manslaughter, any inconsistency was not fatal because the evidence was sufficient to support a verdict of voluntary manslaughter and the trial judge imposed sentence only on the voluntary manslaughter conviction. *See Commonwealth v. Jackson,* 230 Pa.Super. 386, 326 A.2d 623 (1974).