526 Pa. 160 (1991)
584 A.2d 940
COMMONWEALTH of Pennsylvania, Appellant,
v.
Richard A. KEMMERER, Appellee.
Supreme Court of Pennsylvania.
Submitted December 15, 1989.
Decided January 4, 1991.
*161 Correale F. Stevens, Dist. Atty., Joseph C. Giebus, Asst. Dist. Atty., for appellant.
Lewis J. Bott, Asst. Public Defender, Ferris P. Webby, Asst. Public Defender, for appellee.
Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

OPINION
NIX, Chief Justice.
This is an appeal by the Commonwealth from an order of the Superior Court 381 Pa.Super. 533, 554 A.2d 514 affirming the order of the Court of Common Pleas of Luzerne *162 County granting the motion of the appellee to prohibit retrial and dismissing the charges of murder in the second degree, murder in the third degree, and voluntary manslaughter. The issue raised on appeal is whether Rule 1120(d) of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 1120(d), prohibits the Commonwealth from reprosecuting appellee for murder in the second degree, murder in the third degree, and voluntary manslaughter after the first jury found the appellee not guilty on charges of first degree murder and involuntary manslaughter.
In this case the appellee was charged with one count of Criminal Homicide[1], one count of Robbery[2] and two counts of Theft By Unlawful Taking or Disposition[3]. The case was presented to a jury on September 16, 1987, and on September 23, 1987, the jury returned the following verdicts. The appellee was found guilty of robbery and one count of theft by unlawful taking or disposition. The appellee was found not guilty of first degree murder and not guilty of involuntary manslaughter. The jury was unable to reach a conclusion on the second degree murder, third degree murder and voluntary manslaughter charges.
After trial, the appellee filed a motion to prohibit retrial and dismiss the outstanding charges of second degree murder, third degree murder and voluntary manslaughter. On February 24, 1988, the trial court granted the appellee's motion relying on Rule 1120(d). The Commonwealth appealed that decision to the Superior Court which affirmed the lower court (Judge Wieand dissenting). Thereafter we granted allocatur to address this issue.
At the outset it must be emphasized that appellee, in supporting the Superior Court's decision, does not claim that reprosecution would be barred by the Double Jeopardy Clause of the United States Constitution, which provides, "[No person] shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S.C.A. Const. *163 Amend. V. The Double Jeopardy Clause prohibits, inter alia,[4] successive punishment for a single offense. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).[5] Appellee instead relies solely upon Rule 1120(d),[6] ostensibly in the belief that the rule provides greater protection *164 than does the federal constitution.[7]
Thus, we focus our inquiry in this appeal upon whether Rule 1120(d) is properly viewed as prohibiting reprosecution on the charges remaining against appellant.
Rule 1120(d) provides:
(d) If there are two or more counts in the information of indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed. When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment. (Emphasis added.)
Its comment states:
Section (d) serves only to codify the procedure where conviction or acquittal of one offense operates as a bar to a later trial on a necessarily included offense. (Emphasis added.)
The comment to the rule indicates our intention to confine the rule's application to those instances where the offenses charged were necessarily included. As we have recently noted with respect to the comments to the Civil Procedural Rules, "[the] explanatory notes have not been officially *165 adopted or promulgated by this Court, nor do they constitute part of the rule. However, they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted." Laudenberger v. Port Authority of Allegheny County, 496 Pa. 52, 436 A.2d 147 (1981).[8] Consistent with this interpretation, the rule provides no greater protection than the prohibitions found in the Fifth Amendment, which operate to prevent reprosecution of an individual for lesser included offenses only where those offenses are necessarily included in offenses of which the individual has already been convicted or acquitted. See Grady v. Corbin, ___ U.S. ___, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In the instant matter, then, we must ascertain whether the charges remaining against appellee are necessarily included in the offenses of which he has been acquitted.
Great disagreement has existed in this Commonwealth as to the application of the lesser included offense concept to the various degrees of murder. See, e.g., Commonwealth v. Garcia, 474 Pa. 449, 471, 378 A.2d 1199, 1210 (1977) (Nix, J., dissenting). The concept of lesser included offenses, however, long ago was deemed inadequate for a resolution of the problems presented by the question of successive prosecutions, wherein the inquiry is more properly focused upon the "criminal episode" analysis. See Commonwealth v. Campana, 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44, 455 Pa. 622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). Under this analysis, all charges arising from a single criminal act, occurrence, episode, or transaction must be brought in a single proceeding. Campana, 452 Pa. at 250, 304 A.2d at 441. Any later attempt to prosecute an individual on charges which arose from that same transaction is barred by the Double Jeopardy Clause. Id. The analysis employed in Campana is consistent with *166 that most recently developed by the United States Supreme Court in Grady v. Corbin, supra.
The problem of successive prosecutions addressed in Campana is not raised here. All charges relating to the criminal episode were brought against appellee in the initial proceeding when he was charged with criminal homicide. The problem we face is whether reprosecution is barred by Rule 1120(d).
As previously stated, the application of Rule 1120(d) is limited to those instances where the offense upon which the jury could not agree is necessarily included in an offense upon which a verdict is reached. The concept of necessary inclusion is more narrowly defined than is the lesser included offense concept. For example, "both adultery and rape include the offense of fornication, it is necessarily involved in them; bastardy is not necessarily involved, but it may be." Commonwealth v. Lewis, 140 Pa. 561, 564, 21 A. 501, 502 (1891) (Emphasis added).
It was noted in Garcia, supra, that the distinction between necessarily included offenses and lesser included offenses is particularly important in analyzing the law of homicides.
The legitimacy of this analysis, particularly as it has been applied in homicide cases, is at least suspect and its applicability in the past has proven troublesome.

* * * * * *
In approaching this area, our cases have treated the unlawful killing as the essence of all unlawful homicides and the manner of its commission merely as a circumstance. Superimposing the lesser included offense rationale upon this premise our cases mechanistically concluded that voluntary manslaughter was a lesser included offense of murder. Commonwealth v. Kellyon, 278 Pa. 59, 122 A. 166 (1923). This rationale which implicitly treats the distinction between a malicious killing and a non-malicious killing as being one of degree and not of *167 kind is most difficult to reconcile with the many cases that have suggested the contrary:
Murder is an unlawful killing of another person with malice aforethought, express or implied: Commonwealth v. Gooslin, 410 Pa. [285, 189 A.2d 157 (1963)]; Commonwealth v. Carroll, 412 Pa. [525, 194 A.2d 911 (1964)], and numerous cases cited therein; Commonwealth v. Buzard, 365 Pa. 511, 76 A.2d 394 [1950]. Malice express or implied is the hallmark, the criterion, and the absolute essential ingredient of murder (emphasis added). Commonwealth v. Kirkland, 413 Pa. 48, 63-4, 195 A.2d 338, 345 (1963).

See also, Commonwealth v. Finnie, 415 Pa. 166, 202 A.2d 85 (1964); Commonwealth v. Carroll, 412 Pa. 525, 194 A.2d 911 (1963); Commonwealth v. Bolish, 381 Pa. 500, 113 A.2d 464 (1955); Commonwealth v. Kelly, 333 Pa. 280, 4 A.2d 805 (1939); Commonwealth v. Gibson, 275 Pa. 338, 119 A. 403 (1923); Commonwealth v. Drum, 58 Pa. 9 (1868) ("The distinguishing criterion of murder is malice aforethought").
Ignoring this inconsistency a more serious problem resulted because there are many instances where the facts of a case would justify a finding of murder but are at the same time devoid of the elements of provocation and passion sufficient to provide a "rational basis" for a voluntary manslaughter finding.
Garcia, supra, 474 Pa. at 471, 473-4, 378 A.2d at 1210, 1211-12.
The effect of this concept on Rule 1120(d) was first discussed in Commonwealth v. Roberts, 484 Pa. 500, 399 A.2d 404 (1979), wherein its applicability to the law of homicide was further mystified on facts similar to those presented in the instant matter. See Roberts, 484 Pa. at 504, 399 A.2d at 406 (Nix, J., dissenting, joined by Larsen, J.). In Roberts the defendant was charged with first, second, and third degree murder and voluntary and involuntary manslaughter. The jury's verdict acquitted her of all charges except second-degree murder, upon which the jury *168 was deadlocked. The majority held that reprosecution on the second-degree murder charge was barred by Rule 1120(d) because second-degree murder was a lesser and/or greater included offense of the remaining charges.
Subsequently, however, the Court silently adopted the reasoning of the dissenters in Roberts and narrowed the focus of Rule 1120(d) to those instances where offenses were necessarily included. Commonwealth v. McCane, 517 Pa. 489, 539 A.2d 340 (1988). See also, Roberts, supra, 484 Pa. at 507, 399 A.2d at 407. The very real distinction between lesser included offenses and necessarily included offenses, see Commonwealth v. Polimeni, 474 Pa. 430, 437 n. 5, 378 A.2d 1189, 1192 n. 5 (1977), is crucial to consideration of Rule 1120(d). The more narrow focus limits the applicability of the rule to homicide cases, because, while homicide offenses may be lesser included offenses, their elements differ such that they cannot be deemed necessarily included.
As previously stated, the central element of all homicides is the killing of another human being. See 18 Pa.C.S. § 2501. Beyond that similarity, the degrees of homicide differ from one another and from the types of manslaughter in quality, not just in degree, so that they cannot be said to be necessarily included in one another. The offenses of second-degree murder, third-degree murder, and voluntary manslaughter each require proof of a fact which need not be proven for the charges of first-degree murder or involuntary manslaughter, and vice versa. First degree murder, 18 Pa.C.S. § 2502(a), requires a finding of intent not necessary to establish second-degree murder, 18 Pa.C.S. § 2502(b), which is committed in the perpetration of a felony. Third degree murder includes "all other kinds of murder" and by its very definition excludes first and second-degree murder and both manslaughters, because it, like all murders, requires a finding of malice aforethought. Commonwealth v. Thompson, 466 Pa. 15, 351 A.2d 280 (1976); Commonwealth v. Taylor, 461 Pa. 557, 337 A.2d 545 (1975); Commonwealth v. Boyd, 461 Pa. 17, 334 A.2d 610 (1975). *169 Voluntary manslaughter, 18 Pa.C.S. 2503, requires proof of a sudden and intense passion resulting from serious provocation, or unreasonable belief that the killing is justified. Involuntary manslaughter, 18 Pa.C.S. § 2504, occurs when death results from the doing of a lawful or unlawful act in a reckless or grossly negligent manner. This reckless or grossly negligent conduct distinguishes involuntary manslaughter from all other classifications of homicide because it negates the malice required for all the degrees of murder. None of these offenses must be proven to establish any of the others; in fact, each offense excludes any of the others from its definition. See, Commonwealth v. Flax, 331 Pa. 145, 200 A. 632 (1938). Notwithstanding, this clear distinction between necessarily included offenses and lesser included offenses, prior cases have blurred the two concepts. See, e.g., Commonwealth v. Jones, 457 Pa. 563, 319 A.2d 142 (1974); Commonwealth v. Bailey, 450 Pa. 201, 299 A.2d 298 (1973); Commonwealth v. Kenney, 449 Pa. 562, 297 A.2d 794 (1971); Commonwealth v. Banks, 447 Pa. 356, 285 A.2d 506 (1971); Commonwealth v. Matthews, 446 Pa. 65, 285 A.2d 510 (1971).
In Polimeni, supra, and Garcia, supra, a plurality of the Court interpreted our Crimes Code as establishing an overall crime of criminal homicide with lesser included offenses. These decisions relied solely upon the enactment of the new offense of "criminal homicide" as a basis for holding that the various degrees of murder and manslaughter are necessarily included in one another. Polimeni, supra, 474 Pa. at 438, 378 A.2d at 1193. Mr. Justice Pomeroy's opinion, joined by one other Justice, expressed the view that the change in the law, standing alone, required that result. Id.[9] No other justification is offered for his conclusion. The plurality in Polimeni and Garcia ignored the qualitative differences among the various offenses in favor of a mechanical interpretation of the newly enacted statute. This *170 view has never been accepted by a majority of the Court, and we now expressly reject it. There is no evidence of legislative intent to change the nature of the offenses or our interpretation of them. When a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language. 1 Pa.C.S. § 1922(4). We will not presume such an intent for the generic name where the actual definition of the various degrees remains the same.
For the foregoing reasons, we find that the Commonwealth is not barred by Rule 1120(d) from reprosecuting appellee on the charges of second-degree murder, third-degree murder, and voluntary manslaughter. Accordingly, the order of the Superior Court is reversed, and the matter is remanded for proceedings consistent with this opinion.
NOTES
[1] 18 Pa.C.S. § 2501.
[2] 18 Pa.C.S. § 3701(a)(1)(i).
[3] 18 Pa.C.S. § 3921(a).
[4] The Double Jeopardy Clause embodies three protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Grady v. Corbin, ___ U.S. ___, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). See e.g., Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989) Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); United States v. Woodward, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985); Payne v. Virginia, 468 U.S. 1062, 104 S.Ct. 3573, 82 L.Ed.2d 801 (1984); Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); Whalon v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Ianelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 ALR2d 1119 (1957); American Tobacco Co. v. United States, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[5] In Benton v. Maryland, supra, petitioner was tried for burglary and larceny and was acquitted of larceny but convicted of burglary. His conviction was overturned on appeal and he was permitted to select the option of demanding re-indictment and retrial. He was indicted again for larceny and burglary, and his motion to dismiss the larceny indictment was denied by the trial court. After conviction on both counts, he appealed to the Supreme Court, which vacated the judgment. The Court held that the fundamental guarantee against double jeopardy was applicable to the states through the Fourteenth Amendment. Id. at 795, 89 S.Ct. at 2063. That guarantee embodies the notion that "the State, with all its resources and power, should not be allowed to make repeated attempts to convict an individual for an alleged offense. Id.
[6] Neither does appellee rely on the Double Jeopardy Clause of our State Constitution, Pa. Const. art. I, § 10.
[7] The basis for this characterization of appellant's argument is appellant's failure to assert, anywhere in his brief, the Double Jeopardy Clause of the United States Constitution, U.S. Const. Amend. V, as support for his contention that reprosecution is barred. Moreover, the Superior Court did not engage in any discussion of double jeopardy principles with respect to this case, see Appellant's Brief, Appendix "A", so it can be assumed that the issue was not raised below. Certainly if appellee sought review of the constitutional ramifications of this issue, he was required to have raised a constitutional objection at some point during this process. See Commonwealth v. Clair, 458 Pa. 418, 326 A.2d 272 (1974); Commonwealth v. Marlin, 452 Pa. 380, 305 A.2d 14 (1973).
[8] We have recently adopted an amendment to Rule 129, Pa.R.Civ.P. 129, by order dated September 26, 1990, effective January 1, 1991, expressing the significance of the comments with respect to the rules.
[9] In his analysis, Justice Pomeroy acknowledged that prior case law contradicted his conclusion that the degrees of murder and manslaughter were necessarily included. See Commonwealth v. Polimeni, 474 Pa. 430, 437 n. 5, 438, 378 A.2d 1189, 1193 n. 5 (1977).