J-S13018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF D.L.F., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.L.F. A MINOR | |
| | No. 2018 EDA 2016 |

Appeal from the Dispositional Order May 31, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-JV-0000215-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 26, 2017**

D.L.F. appeals from the dispositional order entered in the Court of Common Pleas of Bucks County after he was adjudicated delinquent of rape of a child[1] and indecent assault of a person less than thirteen years of age[2] in the Court of Common Pleas of Delaware County.[3]  Upon careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3121(c).

[2] 18 Pa.C.S.A. § 3126(a)(7).

[3] While the incident at issue in this matter occurred in Delaware County, the juvenile is a resident of Bucks County.  Accordingly, pursuant to Pa.R.J.C.P. 302, the Court of Common Pleas of Delaware County held an adjudicatory hearing and ruled on the offenses and transferred the matter to Bucks County for final disposition.

The Honorable Jeffrey L. Finley, P.J., of the Court of Common Pleas of Bucks County, Juvenile Division, set forth the pertinent facts and procedural history of this matter as follows:

On December 7, 2015, [D.L.F.] was charged with one count of [r]ape of a [c]hild, one count [of s]tatutory [s]exual [a]ssault: 4-8 years of age, one count [of i]nvoluntary [d]eviate [s]exual [i]ntercourse with a person less than sixteen years of age, one count [of] sexual assault, one count [of a]ggravated [i]ndecent [a]ssault of [c]hild, one count of [a]ggravated [i]ndecent [a]ssault [of] a person less than thirteen years of age, one count of [i]ndecent [e]xposure, and one count of [i]ncest of a [m]inor – [c]omplainant [u]nder thirteen years of age for allegedly having sexually assaulted his seven year old step-sister in Delaware County, Pennsylvania.

On April 7, 2016, the Honorable Nathaniel C. Nichols of the Juvenile Court of Delaware County held an adjudicatory hearing on the above charges, but continued the hearing to make a determination.  On April 14, 2016 [Judge] Nichols adjudicated [D.L.F.] delinquent and entered an [a]djudicatory [h]earing [o]rder.  The [o]rder held [that D.L.F.] did not admit to any of the offenses alleged in the [p]etition, he was [] to be removed from the home, the [c]ourt deferred its determination as to whether [D.L.F.] was in need of treatment, supervision, or rehabilitation, but [o]rdered that he was adjudicated delinquent and the disposition of [D.L.F.] was transferred to Bucks County. All other counts were *nolle prossed*.  The matter was then transferred to Bucks County.

On April 18, 2016, the Honorable Rea B. Boylan entered a [p]ost-[a]djudicatory [d]etention/[s]helter [c]are [h]earing [o]rder which held that secure detention of [D.L.F.] was necessary and alternatives were not appropriate pursuant to the Juvenile Act . . ., and [D.L.F.] was adjudicated delinquent on the charges of [r]ape of a [c]hild and [i]ndecent [a]ssault.  On April 25, 2016, [Judge] Finley entered a dispositional hearing order and indicated that the reason[s] for disposition were based on the fact that [D.L.F.] is in need of treatment, rehabilitation, and supervision by the Juvenile Probation Department.  It was further ordered that disposition was deferred and [D.L.F.] was to remain in detention pending a psycho-sexual evaluation.

On May 13, 2016, a [d]ispositional [h]earing was held before [Judge] Finley and the [o]rder indicated that the reason for disposition was to review the detention status and it was further ordered that[,] due to the serious nature of the charges and the need to complete the psycho-sexual evaluation, the disposition for [D.L.F. was] deferred and [D.L.F. was to] remain in detention. On May 31, 2016, after a dispositional hearing was held, the reasons for disposition indicated that [D.L.F.] is in need of treatment, rehabilitation, and supervision by the Juvenile Probation Department, [D.L.F.] was to be removed from the home and placed in a residential facility at George Junior Diagnostic Unit.

Trial Court Opinion, 9/1/16, at 1-3 (cite to record and footnotes omitted).

This timely appeal follows, in which D.L.F. raises the following issues

for our review:

1. Did the Delaware County Juvenile Court err in finding beyond a reasonable doubt that [D.L.F.] committed the charges of rape of a child[?]

2. Did either of the juvenile courts err in failing to make a determination that [D.L.F.] was in need of treatment, supervision, or rehabilitation pursuant to [Pa.R.J.C.P.] 409, thus incorrectly assuming [he] was delinquent?

Brief of Appellant, at 4.

D.L.F. first asserts that the Commonwealth presented insufficient

evidence to prove he committed rape of a child.

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.* (quoting *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super.

2005)[.] However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id.* Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id.* Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. ***Commonwealth v. Hartle***, 894 A.2d 800, 804 (Pa. Super. 2006).

***Commonwealth v. Yasipour***, 957 A.2d 734, 745 (Pa. Super. 2008).

A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age. 18 Pa.C.S.A. § 3121. Sexual intercourse, "[i]n addition to its ordinary meaning, includes intercourse *per os* or *per anus*, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101.

Here, D.L.F. stipulated that the victim was under the age of thirteen and challenges only the court's finding that sexual intercourse occurred. Specifically, D.L.F. argues that victim's testimony did not establish that there was "penetration however slight." This assertion is belied by the record.

Upon direct examination by the Commonwealth, the victim testified as follows:

Q: What was the first thing that happened after your underwear [was taken] off?

A: He put his private part **in my bottom**.

Q: Were you able to see his private part?

A: No.

. . .

- 4 -

Q:  You said **he did put it in you**.  Is that what you said?

A:  **Yes**.

Q  Where did he put it?

A:  **In my bottom**.

Q:  Did it go inside of you[?]

A:  No. It slipped downwards.

N.T. Adjudicatory Hearing, 4/7/16, at 58-59 (emphasis added).

D.L.F. asserts that, because the victim stated that his penis slipped downwards, her testimony did not establish penetration, however slight. However, the victim clearly stated three times that D.L.F. put his penis "in" her bottom.  Viewed in the light most favorable to the Commonwealth, **Yasipour**, **supra**, this testimony was sufficient to establish penetration.

In support of his sufficiency argument, D.L.F. also claims that the victim's testimony was not to be believed in light of the testimony of other Commonwealth witnesses.  However, a claim that the finder of fact should not have believed the victim's version of events goes to the weight, not the sufficiency, of the evidence.  **Commonwealth v. W.H.M., Jr.**, 932 A.2d 155, 160 (Pa. Super. 2007).  Challenges to the sufficiency of the evidence and the weight of the evidence are separate claims involving different standards of review and relief.  **See Commonwealth v. Widmer**, 744 A.2d 745, 751–752 (Pa. 2000).  Here, D.L.F. has neither preserved nor specifically raised a claim that the verdict was against the weight of the evidence.  Accordingly, this argument is waived.  **See Commonwealth v. Priest**, 18 A.3d 1235 (Pa. Super. 2011) (weight of the evidence claim

waived for failure to present claim in the lower court, either orally or in writing before sentencing or in a post-sentence motion, and failure to present argument in court-ordered statement, pursuant to Pa.R.Crim.P. 607; Pa.R.A.P. 1925(b)(4)(vii)).

D.L.F. also asserts that the trial judge's verdict was inconsistent and that if the evidence was insufficient to sustain the charges of statutory sexual assault, sexual assault, aggravated indecent assault or incest, then the evidence was insufficient to sustain a conviction for rape of a child. D.L.F.'s claim fails. While conceding that juries are permitted to render inconsistent verdicts, D.L.F. argues, without citation to authority, that the same does not apply where the trial court is the fact finder, as a judge is "cognizant of the elements of the crime charged." Brief of Appellant, at 14. This assertion is patently meritless. Indeed, the rule in Pennsylvania is that a judge sitting as finder of fact possesses the power to render inconsistent verdicts. *Commonwealth v. Reed*, 326 A.2d 356 (Pa. 1974); *Commonwealth v. Carter*, 282 A.2d 375 (Pa. 1971). "To deny judges that power would be to reduce the desirability of trial by a judge alone. We have consistently held that a decision by a judge without a jury has the same efficacy as a jury verdict." *Commonwealth v. Harris*, 360 A.2d 728, 729 (Pa. Super. 1976). Accordingly, this argument garners D.L.F. no relief.

In his second and final claim on appeal, D.L.F. asserts that the juvenile court failed to comply with the Rules of Juvenile Court Procedure by neglecting to make a determination that he was in need of treatment,

supervision, or rehabilitation as required under 42 Pa.C.S.A. § 6341(b) and

R.J.C.P. 409.   Section 6341(b) requires the following:

> (b) Finding of delinquency.-- If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed.  **The court shall then proceed** immediately or at a postponed hearing, which shall occur not later than 20 days after such finding if the child is in detention or not more than 60 days after such finding if the child is not in detention, **to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation and to make and file its findings thereon**.  This time limitation may only be extended pursuant to the agreement of the child and the attorney for the Commonwealth.  The court's failure to comply with the time limitations stated in this section shall not be grounds for discharging the child or dismissing the proceeding.  In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation.  If the court finds that the child is not in need of treatment, supervision or rehabilitation it shall dismiss the proceeding and discharge the child from any detention or other restriction theretofore ordered.

42 Pa.C.S.A. § 6341(b) (emphasis added).  A determination as to whether

the juvenile is in need of treatment is required "even where the delinquent

act constitutes a felony because, while the commission of such an act

presumptively supports a finding that the juvenile is in need of treatment

and supervision (and thus can be adjudicated delinquent), the juvenile court

must still make that finding **after allowing for other evidence**." ***In the***

***Interst of M.W.***, 39 A.3d 958, 967 n.9 (Pa. 2012) (emphasis added).

As noted above, the adjudication of delinquency in this case occurred before Judge Nichols in Delaware County, but disposition was transferred to D.L.F.'s home county of Bucks. In his Rule 1925(a) opinion, Judge Nichols conceded that he did not make an express finding that D.L.F. was in need of treatment before adjudicating him delinquent, but that such a finding "was implicit in this court's action in transferring the case to Bucks County." Trial Court Opinion, 9/16/16, at [3]. This is insufficient. Under our Supreme Court's holding in **M.W.**, a separate finding that a juvenile is in need of treatment must be made after allowing for other evidence, which Judge Nichols did not do. Accordingly, D.L.F.'s assignment of error possesses merit. Unfortunately for D.L.F., however, he has waived this claim and, thus, is entitled to no relief.

Pursuant to Rule of Appellate Procedure 302, issues not raised in the trial court are waived and may not be raised for the first time on appeal. Pa.R.A.P. 302(a). Here, D.L.F. did not object, at the hearing before Judge Nichols, to the court's failure to hear additional evidence and/or make a specific determination that he was in need of treatment before adjudicating him delinquent. Nor did he raise any objection at the dispositional hearing before Judge Finley in Bucks County.[4] Requiring a timely and specific objection in the trial court ensures that the trial judge has a chance to

_____

[4] We note that D.L.F. was represented by counsel at all relevant proceedings.

correct alleged errors. ***Faherty v. Gracias***, 874 A.2d 1239, 1249 (Pa. Super. 2005). Where no timely objection is lodged, the issue is waived on appellate review. ***Id.*** Because D.L.F. did not timely object to the court's failure to make a specific finding that he was in need of treatment prior to adjudicating him delinquent, we are constrained to conclude that he has waived this issue on appeal.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/2017