J-S12014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　：　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　：　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　：
　　　　　v.　　　　　　　　　　：
　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　：
TAMIKA CAMPFIELD　　　　　　　：
　　　　　　　　　　　　　　　　：
　　　　　Appellant　　　　　　：　No. 2155 EDA 2020

Appeal from the Judgment of Sentence Entered October 27, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007269-2018

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 25, 2022**

Appellant, Tamika Campfield, appeals from the judgment of sentence of one year probation, imposed after a jury convicted her of possessing an instrument of crime ("PIC"), 18 Pa.C.S. § 907(a). On appeal, Appellant solely challenges the sufficiency of the evidence to sustain her conviction. After careful review, we affirm.

The trial court summarized the facts of Appellant's case, as follows:

The Complainant, Thurlonda Cogdell ("Ms. Cogdell"), testified that, on August 16, 2018, she pulled her car onto the block where she lives, parked her car, and, got out. (N.T.[,] 3/3/20[, at] 28-29.) After Ms. Cogdell got out of her car, Appellant began yelling "very aggressively" at her. (*Id.*) Ms. Cogdell told Appellant not to speak to her in that manner. (*Id.*) Then[,] Appellant's boyfriend, Jerry Johnson ("Mr. Johnson"), had words with Ms. Cogdell. (*Id.* [at] 29[.]) Mr. Johnson followed Ms. Cogdell towards her house threatening to blow it up. (*Id.* [at] 31-32.) Ms. Cogdell went into her house and called her sister because she was "scared to death." (*Id.* [at] 32.)

Approximately twenty (20) to thirty (30) minutes later, Ms. Cogdell was sitting on the top step of her porch when Appellant, an older woman, a young lady, and Mr. Johnson approached her. (*Id.* [at] 32-34.) Appellant was wielding a brown wooden baseball bat and gestured as if she was going to hit Ms. Cogdell with it.[8] (*Id.*) Then the younger lady hit Ms. Cogdell in the face, and they began to tussle. (*Id.* [at] 34.) Appellant, the older lady, and Mr. Johnson aggressively pushed Ms. Cogdell to the ground. (*Id.*) While Ms. Cogdell was on the ground, Appellant hit her in the leg with the baseball bat. (*Id.* [at] 35.)

[8] Mr. Johnson[,] who was called to testify by Appellant, also testified that Appellant brought a baseball bat out of his house but claimed she only stood on his porch with it. (*Id.* [at] 87-88 and 90.)

After Appellant hit Ms. Cogdell in the leg with the baseball bat, Mr. Johnson took money from Ms. Cogdell. (*Id.*) Ms. Cogdell tried to stand up but instantly collapsed. (*Id.*) She tried to stand up again and fell again. (*Id.*) Ms. Cogdell crawled back into her house and called her sister. (*Id.*)

After Ms. Cogdell's sister arrived, they called the police. (*Id.*) When police arrive, Ms. Cogdell told police what happened. (*Id.* [at] 36.) Thereafter, Ms. Cogdell was taken to the hospital by her sister. (*Id.*) After Ms. Cogdell was released from the hospital, she went back to the police district and was told to come back another day. (*Id.*) Ms. Cogdell returned to the police district on August 20, 2018. (*Id.*)

A day or two after the attack, Ms. Cogdell went to Presbyterian [H]ospital because of the swelling and instability in her leg. (*Id.* [at] 39.) Thereafter, Ms. Cogdell went to Pennsylvania [H]ospital and met with an orthopedic doctor who told her she had a complete tear through the ACL that required a high tibial osteotomy and a reconstruction of her ACL. (*Id.*) Ms. Cogdell was in the hospital for about four days after the surgery and requires more surgery to remove two metal plates. (*Id.* [at] 39-40.)

Trial Court Opinion ("TCO"), 11/24/21, at 2-3.

Based on these facts, Appellant was charged with PIC, as well as aggravated assault, conspiracy, simple assault, recklessly endangering

another person (REAP), robbery, and theft by unlawful taking. At the conclusion of her jury trial on March 4, 2020, she was convicted of PIC, but acquitted of aggravated assault, conspiracy, simple assault, and REAP. The charges of robbery and theft by unlawful taking were *nolle prossed*. "After the jury returned its verdict, Appellant made a Motion Notwithstanding the Verdict 'because [the jury] found [Appellant] not guilty of the underlying crimes.'" *Id.* at 1 (citing N.T., 3/4/20, at 41). The court denied that motion, and Appellant's case proceeded to sentencing on November 4, 2020. On that date, the court imposed one year of probation for Appellant's PIC conviction.

Appellant filed a timely notice of appeal, and she also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on November 24, 2021. Herein, Appellant states one issue for our review:

> 1. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all elements of [PIC] … beyond a reasonable doubt?

Appellant's Brief at 6.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno,* 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact

- 3 -

finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

Regarding a challenge to the sufficiency of the evidence to sustain a conviction for PIC, this Court has explained:

> To convict an individual of PIC, "the Commonwealth has the burden of proving two elements: (1) possession of an object that is an instrument of crime and (2) intent to use the object for a criminal purpose." ***In the Interest of A.V.***, 48 A.3d 1251, 1253 (Pa. Super. 2012); ***see also*** 18 Pa.C.S. § 907(a). "[T]he actor's criminal purpose … provides the touchstone of his liability" for the PIC offense, and "[s]uch purpose may be inferred from the circumstances surrounding the possession." ***Commonwealth v. Andrews***, … 768 A.2d 309, 317-18 ([Pa.] 2001) (citation omitted). Criminal intent to support a PIC conviction cannot be inferred where the defendant used the instrument solely for self-defense. ***In the Interest of A.C.***, 763 A.2d 889, 891 (Pa. Super. 2000); ***see also Commonwealth v. Watson***, … 431 A.2d 949, 953 ([Pa.] 1981) (reversing conviction for possession of a concealed weapon, 18 Pa.C.S. § 907(b), where the Court determined that the defendant committed the underlying killing in self-defense).

***Commonwealth v. Brockington***, 230 A.3d 1209, 1213 (Pa. Super. 2020).

Here, Appellant contends that the evidence was insufficient to prove the elements of PIC because "[c]riminal intent to support a PIC conviction cannot be inferred where the defendant used the instrument solely for self-defense." Appellant's Brief at 15 n.9 (citing, *inter alia*, ***In the Interest of A.C.***, 763 A.2d 889, 891 (Pa. Super. 2000)). Appellant elaborates that, in this case,

> the jury was free to believe either that (i) [Appellant] remained on the porch while holding the bat, possibly in self-defense mode, or (ii) she attacked the victim in question. Apparently, they concluded that she did not so attack the victim when they

rendered a not guilty verdict for aggravated assault, conspiracy, simple assault, and [REAP].  Given these facts, and inferences to be drawn therefrom, no reasonable or rational fact[-]finder could have voted to convict on the PIC charge in question.

*Id.* at 15-16 (unnecessary capitalization, punctuation, and footnotes omitted).

Appellant's argument is unconvincing.  Initially, she did not explain what evidence she presented to show that she acted in self-defense, or argue how the Commonwealth failed to disprove her assertion of self-defense.  Instead, Appellant solely asks us to speculate that the jury's acquittals must mean that they found she acted in self-defense.  However, as the trial court astutely observes,

> [i]t does not matter that the [j]ury acquitted Appellant of the remaining charges [except for PIC].  "Federal and Pennsylvania courts alike have long recognized that [j]ury acquittals may not be interpreted as specific factual findings with regard to the evidence, as an acquittal does not definitively establish that the [j]ury was not convinced of a defendant's guilt.  Rather, it has been the understanding of federal courts as well as the courts of this Commonwealth that an acquittal may merely show lenity on the [j]ury's behalf, or that 'the verdict may have been the result of compromise, or of a mistake on the part of the [j]ury.'" **Com[monwealth] v. Moore**, 103 A.3d 1240, 1246 ([Pa.] 2014) (citing **United States v. Dunn**, 284 U.S. 390, 394 (1932)[)].  Here, the [j]ury's decision to acquit Appellant of the other charges could have been a reflection of the [j]ury['s] showing Appellant mercy or leniency[,] or simply a mistake.  Regardless, speculation into the rationale employed by the [j]ury to arrive at its acquittal is inappropriate.  "[T]he United States Supreme Court has instructed that courts may not make factual findings regarding [j]ury acquittals and, thus, cannot 'upset' verdicts by 'speculation or inquiry into such matters.'"  **Moore**[, 103 A.3d] at [1246] (citing **Dunn**[, 284 U.S.] at 394).  In **Moore**, the Pennsylvania Supreme Court noted that it has "rejected the notion that an acquittal may be interpreted as a specific finding of innocence,["] and noted, ["]consistent with **Dunn**, that '[t]he most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction[,] the [j]ury did not speak their real

conclusions, but that does not show that they were not convinced of the defendant's guilt.'" *Id.* at [1247] (citations omitted). The Pennsylvania Supreme Court has consistently embraced "the principle that juries may reach inconsistent verdicts, along with its corollary that we may not interpret a [j]ury acquittal as a specific factual finding with regard to the evidence." *Id.* at [1247] (citing *Commonwealth v. (John) Reed*, … 326 A.2d 356, 358 n. 2 ([Pa.] 1974) (logical inconsistency in [the] defendant's conviction of second-degree murder and aggravated robbery and acquittal of conspiracy did not justify a reversal); *Commonwealth v. Strand*, … 347 A.2d 675, 676 ([Pa.] 1975) (upholding [the] defendant's second-degree murder conviction for shooting and killing her victim despite the fact that she was acquitted of all VUFA charges associated with her use of that firearm); *Commonwealth v. Tallon*, 387 A.2d 77, 82-83 ([Pa.] 1978) (opinion in support of affirmance) (upholding [the] defendant's voluntary manslaughter and robbery convictions even though the defendant was acquitted of felony murder); *Commonwealth v. Gravely*, … 404 A.2d 1296, 1301 ([Pa.] 1979) (plurality) (declining to reverse [the] defendant's second-degree murder conviction, which [the] defendant claimed was inconsistent with [j]ury's inability to reach a verdict with respect to his rape charge, based upon longstanding principle permitting inconsistent verdicts); [*Commonwealth v.*] *Campbell*, 651 A.2d [1096,] 1101 [(Pa. 1994)] (applying *Dunn* and *Powell* to approve inconsistent verdicts reached as to multiple defendants charged with conspiracy in a joint trial); *Commonwealth v. Weston*, … 749 A.2d 458, 463 ([Pa.] 2000) (concluding that, where [the] defendant asserted he acted in self-defense and was convicted of voluntary manslaughter rather than murder, the defendant's voluntary manslaughter conviction did not negate the criminal intent necessary to sustain his PIC conviction). More recently, the Pennsylvania Supreme Court "held that the defendant's robbery acquittal did not necessitate vacating his second-degree murder conviction, despite the fact that the verdicts appeared inconsistent, reaffirming 'the longstanding and well-established principle that consistency in a verdict is not required' and [its] refusal 'to speculate upon the nature of the [j]ury's deliberations.'" *Moore*[, 103 A.3d at [1247] (citing *Com[monwealth] v. Miller*, 35 A.3d 1206[,] 1213 ([Pa.] 2012))[.]

Accordingly, relying upon the long-standing and well-established principle that consistency in a verdict is not required, Appellant's

acquittal of the [a]ggravated [a]ssault, [c]onspiracy, [simple a]ssault, and [REAP] charges does not necessitate vacatur of the [PIC] conviction.

TCO at 6-8.

We agree with the trial court's reasoning. Thus, we reject Appellant's speculative argument that the jury's acquitting her on all charges except PIC means that it found she acted in self-defense. We also concur with the court's conclusion that the evidence was sufficient to establish the elements of PIC. Namely,

[a]fter Appellant got into a verbal altercation with Ms. Cogdell, Appellant retrieved a wooden baseball bat from her boyfriend's house. Appellant approached Ms. Cogdell with the baseball bat, her boyfriend, and[] two other women, while gesturing as if she was going to hit Ms. Cogdell with it. While Ms. Cogdell was on the ground being attacked by the younger woman, Appellant hit her in the leg with the baseball bat.

*Id.* at 5 (citations to the record omitted). This evidence proved that Appellant possessed the bat with the intent to use it for a criminal purpose, thus constituting PIC. *See Commonwealth v. Magliocco*, 806 A.2d 1280, 1282-85 (Pa. Super. 2002) (concluding that Magliocco committed PIC when he swung a baseball bat over his head while threatening to kill the victims).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/25/2022</u>