J-S26012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REYNALDO MERCADO | : | |
| | : | |
| Appellant | : | No. 951 MDA 2024 |

Appeal from the PCRA Order Entered June 4, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004049-2018

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: NOVEMBER 7, 2025**

Reynaldo Mercado appeals, *pro se*, from the order, entered in the Court of Common Pleas of Luzerne County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We have previously summarized the relevant facts of Mercado's case as follows:

> [Mercado]'s convictions arose out of the fatal stabbing and robbery of Fred Boote, together with a fire at Boote's Luzerne County residence, which occurred during the early morning hours of September 14, 2018.  At the conclusion of trial on November 18, 2020, a jury found [Mercado] guilty of first-degree murder, second-degree murder, third-degree murder, burglary, robbery, criminal conspiracy to commit robbery, theft by unlawful taking or disposition, arson, criminal conspiracy to commit arson, abuse of a corpse, and tampering with or fabricating physical evidence.  On November 19, 2020, the court imposed an aggregate sentence of life imprisonment[,] plus 32 to 64 years' incarceration.

***Commonwealth v. Mercado***, 284. A.3d 950, *1 (Pa. Super. 2022) (Table).

We affirmed Mercado's convictions on direct appeal but remanded for resentencing because our holding[1] disturbed the trial court's sentencing scheme. *Id.* at \*3-4. Mercado was then resentenced to life in prison, plus 27½-55 years. Mercado filed a timely PCRA petition on October 23, 2023. On April 25, 2024, the PCRA court gave notice of its intent to dismiss Mercado's petition pursuant to Pa.R.Crim.P. 907 and ultimately dismissed the petition on June 4, 2024. Mercado filed a timely notice of appeal. Both Mercado and the PCRA court have complied with Pa.R.A.P. 1925.

Mercado raises the following issues for our review:

1. Did the trial court err by allowing trial counsel to be ineffective for failing to challenge the weight and sufficiency of the evidence that the Commonwealth failed to prove all, if not some[,] elements of [Mercado']s first[-]degree murder conviction?

2. Did the trial court err by allowing both trial counsel and court[-]appointed direct appeal counsel to be ineffective for failing to challenge the sufficiency of the evidence that convicted [Mercado] of first[-]degree, second[-]degree, and third[-]degree murder and [their] elements?

3. Did the trial court err by allowing the Commonwealth's expert(s) [to testify about their] opinions of how the crime actually happened[,] thus tainting the jur[y members'] mind[s] rather [than] stating actual facts that the Commonwealth did fail to prove a specific intent [to] kill on a vital part of the victim[']s body?

4. Was the evidence insufficient to sustain the verdict of first[-]degree, second[-]degree, and third[-]degree murder[,] thus

---

[1] We determined that Mercado had been sentenced for both conspiracy to commit robbery and conspiracy to commit arson but could only be sentenced for one of the two offenses because "both offenses were the object of a continuous conspiratorial relationship." *Id.* at \*3.

leading to multiple errors causing an illegal sentence and conviction[?]

Appellant's Brief, at 5 (unnecessary capitalization omitted).

Mercado has waived all of his issues raised.

Mercado has waived the first three issues raised in his statement of questions involved by not developing them in the argument section of his brief. Pennsylvania Rule of Appellate Procedure 2119(a) requires appellants to develop the arguments identified in their statement of questions involved with "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

> Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's argument for him.

*Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023) (citation omitted).

Here, Mercado's first two issues raise claims of ineffective assistance of counsel, while the third involves the improper admission of expert testimony. *See* Appellant's Brief, at 5. However, Mercado does not develop any argument or cite any relevant case law regarding ineffective assistance of counsel or improperly admitted expert testimony. *See id.* at 13-20. In fact, the brief does not touch on either topic whatsoever beyond mentioning ineffective assistance of counsel in a header in the argument section. *See id.* at 16. Accordingly, because a single mention in the header of an argument section is not a sufficiently developed argument, Mercado has failed "to develop the

issue[s] in [a] meaningful fashion capable of review," and his first three issues are waived. *See Armolt*, 294 A.3d at 377.

Mercado's fourth claim is that the evidence was insufficient to sustain his first-, second-, and third-degree murder convictions, and he dedicates the bulk of his argument section to this issue. *See* Appellant's Brief, at 13-16, 18. Nonetheless, this claim is not cognizable under the PCRA because it was previously litigated on direct appeal. *See* 42 Pa.C.S.A. § 9543(a)(3); *see also Mercado*, *supra* (Mercado challenging sufficiency of evidence underlying convictions on direct appeal). This Court, having reviewed the certified record, affirmed that the Commonwealth introduced sufficient evidence to prove each element of every offense charged beyond a reasonable doubt, upheld the convictions, and found that Mercado was not entitled to relief on the challenge. *See id.* at *2. Therefore, this claim was previously litigated on direct appeal, and it cannot be relitigated under the PCRA. *See Commonwealth v. Jordan*, 182 A.3d 1046, 1049-50 (Pa. Super. 2018) (finding PCRA claim previously litigated on direct appeal).

While not included in his statement of questions involved, Mercado also presents an unintelligible argument relating to the first-, second-, and third-degree convictions merging and claims this merger issue impacts the legality of his sentence. *See* Appellant's Brief, at 16-18. This claim, too, is waived. Mercado's merger argument is devoid of coherent argument or controlling case law applied to the facts of his case, which leaves us incapable of

conducting meaningful appellate review of the claim.[2] ***See Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa. Super 2021) (argument not reviewable where devoid of coherent argument or application and analysis of controlling case law to facts of *pro se* appellant's case); ***see also Commonwealth v. Mulkin***, 228 A.3d 913, 917 (Pa. Super. 2020) (finding challenge to improper sentence waived for failure to reference legal authority). Accordingly, we affirm the PCRA court's order denying Mercado's PCRA petition.

    Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2025

---

[2] Mercado's merger argument does reference one case, ***Commonwealth v. Kemmerer***, 584 A.2d 940 (Pa. 1991). ***See*** Appellant's Brief, at 17. However, Mercado does not explain how the holding in ***Kemmer*** applies to the facts of his case, nor, upon review, do we believe it to be relevant.